**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**MISSOULA DIVISION**

| | |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A.),<br><br>Plaintiff,<br><br>vs.<br><br>CYNDIE M. WILBY; KAREN L. MILLESON; and DEONNE M. KNILL,<br><br>Defendants. | CV 26-72-M-WWM<br><br>ORDER GRANTING MOTION FOR DEFAULT JUDGMENT AGAINST CYNDIE M. WILBY |

Plaintiff John Hancock Life Insurance Company (U.S.A.) ("John Hancock") filed a Complaint for Interpleader against the Defendants on May 15th. (Doc. 1). Defendant Cyndie M. Wilby ("Ms. Wilby") was served on June 8th, and her answer was due on June 29th. (Doc. 6). On July 17th, John Hancock filed a Motion for Entry of Default against Ms. Wilby, and a Clerk's Entry of Default was subsequently entered on July 24th. (Docs. 8 and 9, respectively). On August 26th, United States Magistrate Judge Kathleen L. DeSoto entered an Order directing John Hancock to file a status report. (Doc. 10). John Hancock's status report indicated that it anticipated filing a motion for default judgment against Ms. Wilby, which would likely result in settlement with the remaining defendants. (Doc. 11).

On September 14th, John Hancock filed a Motion for Default Judgment and Supplemental Brief in Support, and this case was reassigned to the undersigned. (Docs. 12 and 13, respectively).

The United States Court of Appeals for the Ninth Circuit has adopted a seven-factor test to determine whether entry of default judgment is appropriate:

1. the possibility of prejudice to the plaintiff;
2. the merits of plaintiff's substantive claim;
3. the sufficiency of the complaint;
4. the sum of money at stake in the action;
5. the possibility of a dispute concerning material facts;
6. whether the default was due to excusable neglect; and,
7. the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986) (citing 6 *Moore's Fed. Practice* ¶ 55–05). In reviewing the Complaint and other filings in this case, this Court finds that the elements weigh in favor of granting the Motion and entering Default Judgment.

1. <u>The possibility of prejudice to Plaintiff.</u> This factor favors entry of default judgment. Based on the allegations of the Complaint, John Hancock risks liability exposure if there is not a resolution. John Hancock has continued to

withhold periodic payments from the structured settlement annuity while the beneficiary rights are in dispute. (Doc. 1 at ¶¶ 27, 28, 31, 32, 34-37). John Hancock asserts that it has no interest in the outcome of the dispute over beneficiary status and only seeks to absolve itself of liability. (Doc. 1 at ¶ 37). In the absence of judgment, John Hancock shall continue to incur legal expenses while facing the threat of liability due to disputes among the Defendants. Accordingly, the risk of prejudice in the absence of judgment is high.

2 and 3. Merits of Plaintiff's substantive claim; sufficiency of the Complaint. These factors favor entry of judgment. "With respect to the determination of liability and the default judgment itself, the general rule is that well-pled allegations in the complaint regarding liability are deemed true." *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002) (citing *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)). Interpleader actions are permitted when several claimants hold "claims that may expose a plaintiff to double or multiple liability." Fed. R. Civ. P. 22(a)(1). "A named interpleader defendant who fails to answer the interpleader complaint and assert a claim to the res forfeits any claim of entitlement that might have been asserted if service was properly effected upon them." *Standard Ins. Co. v. Asuncion*, 43 F.Supp.3d 1154, 1156 (W.D. Wash. 2014) (internal quotations omitted) (quoting *Sun Life Assur. Co. of Canada, (U.S.) v. Conroy*, 431 F.Supp.2d 220, 226 (D. R.I. 2006)). In their

answers, Ms. Knill and Ms. Milleson dispute Ms. Wilby's right to the periodic payments. Accordingly, interpleader is appropriate, and Ms. Wilby's failure to answer forfeits her right to the *res*.

4. Sum of money at stake in the action. In interpleader actions, this factor is neutral. *Standard Ins. Co.*, 43 F.Supp.3d at 11587 (citing *W. Conf. of Teamsters Pension Plan v. Jennings*, 2011 WL 2609858, at *3 (N.D. Cal.), *findings and recommendations adopted* 2011 WL 2609860 (N.D. Cal.)).

5. Possibility of a dispute concerning material facts. This factor favors entry of judgment. Ms. Wilby and Mr. Russell Milleson divorced on June 27, 1989. (Doc. 1 at ¶ 11). The agreement made pursuant to that divorce stated, "[Ms. Wilby] shall release any interest in the annuity after said eighteen (18) month period and assign to daughter or person of husbands [sic] choice." (Doc. 1-1 at 24). Based on the facts deemed as true in the Complaint and this agreement, the Court does not foresee a likelihood of serious dispute regarding a material fact.

6. Whether the default was due to excusable neglect. This factor favors entry of judgment. Ms. Wilby was properly served on June 8th. (Doc. 6). She has yet to appear despite being personally served and being the only Montana resident. (Doc. 6). Accordingly, the Court does not find that her default was due to excusable neglect.

7. Strong policy favoring decision on the merits. This factor weighs against judgment, but not heavily. John Hancock filed this interpleader action solely to absolve itself of any liability stemming from the conflicting claims of the Defendants. In reviewing the filings, the claim of Ms. Wilby appears frivolous. Accordingly, prolonging this litigation would serve little purpose.

Having considered each of the factors above,

**IT IS HEREBY ORDERED** that the Motion is **GRANTED**. This Court's default judgment against the Defendant, Ms. Wilby, will follow.

The Clerk of Court is directed to notify the parties of the making of this Order.

DATED this 18th day of September, 2026.

WILLIAM W. MERCER
UNITED STATES DISTRICT JUDGE